IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SARALEIGH E. LOONEY,           §
                               §
        Plaintiff,             §
                               §
v.                             §        CIVIL ACTION NO. H-06-1166
                               §
UNITED STATES OF AMERICA,      §
                               §
        Defendant.             §

MEMORANDUM AND ORDER

Pending are Plaintiff Saraleigh E. Looney's Motion for Partial Summary Judgment (Document No. 30), and Amendment thereto (Document No. 35),[1] and Defendant United States of America's Partial Motion to Dismiss (Document No. 48). After carefully considering the motions, responses, replies, and the applicable law, the Court concludes as follows.

I.  Background

This is a tax dispute. Plaintiff, a Certified Public Accountant ("CPA"), served as controller of NexTec Operating

_____

[1] Plaintiff contends that because Defendant failed to respond in kind to each, numbered paragraph in her Motion for Partial Summary Judgment and Amendment thereto, the motions should be deemed unopposed. Document No. 36 at 1; Document No. 42 at 1. However, the rule requiring a party to admit or deny each specific allegation applies only to *pleadings*. *See* Fed. R. Civ. P. 8(b). Because motions for partial summary judgment are not "pleadings" to which Rule 8(b) applies, *see* Fed. R. Civ. P. 7(a) (identifying the pleadings recognized under the rules), Plaintiff's request that her motions be deemed unopposed is denied.

Corporation ("NexTec") from May, 2000 to October, 2003.  Document
No. 39, <u>Affidavit of Eric Frank</u> at 1 ¶ iii.  NexTec failed to pay
its employment withholding taxes for the last two quarters of 2002.
According to NexTec's President, Eric Frank, Plaintiff was
responsible for ensuring that those taxes were paid to the Internal
Revenue Service ("IRS").  *See* <u>id.</u> at 2 ¶ 4.

In 2004, the IRS conducted an investigation of NexTec,
determined that Plaintiff was responsible for NexTec's failure to
pay the withholding taxes, and proposed to assess her for the
outstanding amounts under 26 U.S.C. § 6672.  The IRS also entered
into an installment agreement with NexTec on August 30, 2004, under
which NexTec was to remit monthly payments, in gradually increasing
amounts, toward its outstanding withholding tax liability.

Plaintiff appealed the proposed assessment on July 8, 2004,
which appeal was denied by letter in March, 2005.  Plaintiff filed
a Chapter 13 bankruptcy petition on April 8, 2005.  On May 16,
2005, the IRS assessed Plaintiff for the withholding tax
liabilities of NexTec for the third and fourth quarters of 2002, in
the amounts of $85,206.77 and $158,499.61, respectively.  Document
No. 30 at 2 ¶ 7.  The IRS also retained Plaintiff's 2004 tax refund
of $2,607.  <u>Id.</u>  Since that date, NexTec has paid in full the taxes
owed for the third quarter of 2002, but $158,499.61 for the fourth
quarter of 2002 remains outstanding.  Document No. 39 at 3 ¶ 2.

Plaintiff filed a Claim for Refund and Request for Abatement, which the IRS denied.  Plaintiff filed suit, alleging that the IRS wrongfully assessed her for the trust fund tax liabilities of NexTec and retained her 2004 tax refund, and further requesting costs, attorney fees, and damages of $1,000,000.00.  Document No. 1 at 7.  The Government, as authorized by the bankruptcy court, filed a counterclaim seeking payment of the assessment of $158,499.61, plus interest and statutory additions.  Document No. 15 at 1-2; id. ex. 1.

Plaintiff now moves for partial summary judgment, contending that, as a matter of law, she cannot be held liable for the withholding tax deficiency of NexTec.  Document No. 30 at 20-21.  Defendant moves to dismiss Plaintiff's claim for damages on jurisdictional grounds, asserting that Plaintiff failed to exhaust her administrative remedies with respect to that claim.  Document No. 48 at 1.

## II.  Discussion

### A.  Motion for Partial Summary Judgment

#### 1.  Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact
and that the moving party is entitled to a judgment as a matter of
law." FED. R. CIV. P. 56(c).  The moving party must "demonstrate
the absence of a genuine issue of material fact." Celotex Corp. v.
Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the
nonmovant to show that summary judgment should not be granted.
Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th
Cir. 1998).  A party opposing a properly supported motion for
summary judgment may not rest upon mere allegations or denials in
a pleading, and unsubstantiated assertions that a fact issue exists
will not suffice.  Id.  "[T]he nonmoving party must set forth
specific facts showing the existence of a 'genuine' issue
concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district
court must view the evidence "through the prism of the substantive
evidentiary burden."  Anderson v. Liberty Lobby, Inc., 106 S. Ct.
2505, 2513 (1986). All justifiable inferences to be drawn from the
underlying facts must be viewed in the light most favorable to the
nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio
Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in
this light, could not lead a rational trier of fact to find" for
the nonmovant, then summary judgment is proper. Kelley v. Price-
Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing

<u>Matsushita</u>, 106 S. Ct. at 1351).   On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." <u>Id.</u> Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." <u>Anderson</u>, 106 S. Ct. at 2513.

     2.   <u>Liability as a "responsible person" under<br>26 U.S.C. § 6672</u>

Plaintiff asserts for numerous reasons and as a matter of law that she cannot be held liable for the withholding tax deficiency of NexTec under 26 U.S.C. § 6672.   Federal law requires employers to withhold social security and income taxes from employee paychecks and hold them in trust for the United States. *See* 26 U.S.C. §§ 3102, 3402; *see also* <u>USLIFE Title Ins. Co. of Dallas v. Harbison</u>, 784 F.2d 1238, 1242 (5th Cir. 1986).   Section 6672 of the Internal Revenue Code imposes liability on "any person" responsible for collecting, paying, or truthfully accounting for federal withholding taxes who willfully fails to do so or attempts to evade or defeat the payment of such taxes. *See* 26 U.S.C. § 6672; <u>Slodov v. United States</u>, 98 S. Ct. 1778, 1787 (1978) (construing § 6672 to extend to persons responsible for performing *any* of the enumerated duties); <u>Barnett v. I.R.S.</u>, 988 F.2d 1449, 1453 (5th Cir. 1993) (en banc).   This provision was "designed to assure compliance by the employer with its obligation to withhold and pay the sums withheld,

by subjecting the employer's officials responsible for the employer's decisions regarding withholding and payment to civil . . . penalties for the employer's delinquency." Slodov, 98 S. Ct. at 1785; see also In re Prescription Home Health Care, Inc., 316 F.3d 542, 544 (5th Cir. 2002) (noting the purpose of § 6672 of "deter[ring] misuse of trust funds by corporate officers" and providing a "means of ensuring the tax is paid").

      a.   Burden of proof

The parties dispute whether the Government properly assessed Plaintiff with the withholding tax liabilities of NexTec. "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness . . . ." United States v. Fior D'Italia, Inc., 122 S. Ct. 2117, 2122 (2002). This presumption places the burden on the taxpayer of proving the assessment was erroneous. See Conway v. United States, 326 F.3d 1268, 1278 (Fed. Cir. 2003). Therefore, "[i]n § 6672(a) cases, once the Government offers an assessment into evidence, the burden of proof is on the taxpayer to disprove h[er] responsible-person status or will-fulness." Barnett, 988 F.2d at 1453; see also Stallard v. United States, 12 F.3d 489, 493 (5th Cir. 1994) (observing that an assessment under § 6672 is entitled to a presumption of validity).

Although the disputed assessment is in evidence, see Document No. 15 ex. 2, Plaintiff insists that the Government bears the

burden of proving her "responsible person" status and willfulness, because the assessment was made after she filed for bankruptcy and therefore violates the automatic stay.  Document No. 30 at 17-19 ¶¶ 33-36; Document No. 42 at 4-5 ¶ 8.  "Section 362(a) [of the Bankruptcy Code] recounts a long list of actions that are stayed by the filing of a bankruptcy petition," In re TXNB Internal Case, 483 F.3d 292, 301 (5th Cir. 2007), but since the enactment of the Bankruptcy Reform Act of 1994, the Code has specifically exempted from the automatic stay "the making of an *assessment for any tax* . . . ."  11 U.S.C. § 362(b)(9)(D) (emphasis added).[2]  Although liability under § 6672 is labeled as a "penalty," that moniker "does not alter [its] essential character as taxes" within the

---

[2] Plaintiff, quoting an excerpt from the legislative history of 11 U.S.C. § 362(b)(9)(D), contends that because her liability under § 6672 is not "uncontested," the IRS's assessment against her does not fall within this exception to the automatic stay in bankruptcy.  Document No. 30 at 18-19 ¶ 35.  That excerpt states,

> This section will lift the automatic stay as it applies to a tax audit, a demand for tax returns, assessment of an uncontested tax liability, *or the making of certain assessments of tax* and issuance of a notice and demand for payment for such assessment.

P.L. 103-394, H.R. No. 103-835 (emphasis added).  While this text explains the scope of § 362(b)(9)(D) as encompassing an "assessment of an uncontested tax liability," it also includes "the making of *certain assessments of tax*," without regard to whether those assessments are contested by the taxpayer.  The central question is therefore not whether the assessment is disputed, but rather, whether the assessment is for a "tax" exempted from the automatic stay under § 362(b)(9)(D).

7

meaning of the Bankruptcy Code.  <u>United States v. Sotelo</u>, 98 S. Ct. 1795, 1800 (1978) (holding the debtor's liability under § 6672 for failure to pay over withholding taxes to be non-dischargeable in bankruptcy); *see also* <u>In re Mosbrucker</u>, 227 B.R. 434, 436-37 (8th Cir. 1998) (applying <u>Sotelo</u> and holding an assessment under § 6672 was entitled to priority status as a "tax required to be collected or withheld" under Section 507(a)(8)(C) of the Bankruptcy Code, and not a penalty treated as an unsecured claim under Section 507(a)(7)(B)).  Indeed, the Fifth Circuit and others have recognized that liability under § 6672 is not penal in nature, but is "'simply a means of ensuring that the tax is paid.'"  <u>Newsome v. United States</u>, 431 F.2d 742, 745 (5th Cir. 1970) (quoting <u>Botta v. Scanlon</u>, 314 F.2d 392, 393 (2d Cir. 1963)); *see also* <u>In re Energy Res. Co.</u>, 871 F.2d 223, 232 (1st Cir. 1989); <u>United States v. Huckabee Auto Co.</u>, 783 F.2d 1546, 1548 (11th Cir. 1986) (quoting <u>Newsome</u>).  Because liability under § 6672 is properly viewed as a tax, the challenged assessment qualifies as "an assessment for any tax" expressly exempted from the automatic stay in bankruptcy.[3] *See, e.g.*, <u>United States v. White</u>, 466 F.3d 1241, 1244-45 & nn. 1 & 2 (11th Cir. 2006) (noting in dicta that the post-1994 version of

---

[3] The contrary cases cited by Plaintiff are not persuasive because they predate the adoption of § 362(b)(9)(D).  *Cf.* <u>Four Rivers Invs., Inc. v. United States</u>, 77 Fed. Cl. 592, 599-600 & n.11 (2007) (similarly rejecting reliance on case law predating the adoption of 11 U.S.C. § 362(b)(9)(D), and holding a tax assessment made after the plaintiff filed a petition in bankruptcy did not violate the automatic stay).

the Code, had it been in effect at the relevant time, would have mooted the parties' dispute as to whether the IRS's § 6672 assessment violated the automatic stay); In re Pullman, 319 B.R. 443, 444-45 (Bankr. E.D. Va. 2004) (construing 11 U.S.C. § 362(b)(9)(D) as expressly exempting the assessment of a debtor for trust fund penalties). Because Plaintiff shows no valid reason that the assessment should not be accorded the applicable presumption of correctness, Plaintiff bears the burden of disproving her status as a responsible person who willfully failed to collect or pay NexTec's withholding taxes.

b.    Status as a responsible person

Plaintiff contends "as a matter of law" she was not a responsible person, based on an isolated remark by NexTec's President, Eric Frank, to an IRS investigator that Plaintiff did not have authority to pay NexTec's withholding taxes, and the IRS's determination that Mr. Frank was "definitely responsible" for the deficiency.  Document No. 42 at 5-6; see also Document No. 30 at 4-5 ¶¶ 14-15, 8-9 ¶ 21.   The Fifth Circuit takes a "broad view of who is a responsible person under § 6672." Logal v. United States, 195 F.3d 229, 232 (5th Cir. 1999); see also Barnett, 988 F.2d at 1454.  Determining whether an individual is a responsible person requires consideration of several, non-exclusive factors, none of which is dispositive: (1) whether she is an officer or member of

the board of directors; (2) whether she owns a substantial portion of the company's stock; (3) whether she manages the day-to-day operations of the business; (4) whether she has the authority to hire or fire employees; (5) whether she makes decisions regarding the disbursement of funds and payment of creditors; and (6) whether she has authority to sign company checks.  *See* Logal, 195 F.3d at 232 (quoting Barnett, 988 F.2d at 1455).  The critical question is "whether the person had the 'effective power' to pay the taxes-- that is, whether he [or she] had the actual authority or ability, in view of his [or her] status within the corporation, to pay the taxes owed."  Barnett, 988 F.2d at 1454; *see also* Stallard, 12 F.3d at 494.

The summary judgment evidence raises genuine disputes of material fact regarding the extent of Plaintiff's responsibility and authority to ensure that NexTec's withholding taxes were paid. Additionally, "the fact that more than one person is responsible for a particular delinquency does not relieve another responsible person of her personal liability, nor can a responsible person avoid collection against herself on the ground that the Government should first collect the tax from someone else."  Harbison, 784 F.2d at 1243.  Therefore, the IRS's determination that NexTec's President is responsible for NexTec's failure to pay its withholding taxes for the last quarter of 2002 does not affect whether Plaintiff may also be liable under § 6672.  *See* Hornsby v.

IRS, 588 F.2d 952, 954 (5th Cir. 1979) (per curiam) ("The fact that there are other financially responsible persons does not relieve [the plaintiff] of [his] personal liability under Section 6672."). Accordingly, Plaintiff has not established the absence of a genuine issue of material fact regarding her responsible person status under § 6672.

      c.  Willfulness

    Plaintiff also asserts that, as a matter of law, she did not willfully fail to pay NexTec's withholding taxes to the IRS because: (1) the IRS assessed NexTec for delinquent employment taxes after she had left the company, when she was no longer able to remit payments out of NexTec's available funds; and (2) she "did not know that the taxes were not being paid . . . ." Document No. 35 at 1-2; Document No. 42 at 4. First, whether a taxpayer's conduct was willful is determined as of the time that she was responsible for collecting or paying the withholding taxes of her corporate employer. *See* Stallard, 12 F.3d at 495 (explaining that the willfulness inquiry is tied to the periods during which the taxpayer was a responsible person); *see also, e.g.*, Brown v. United States, 591 F.2d 1136, 1140-41 (5th Cir. 1979) (holding a tax-payer's failure to fulfill his responsibility of making withholding deposits to be willful, though he no longer possessed the authority to pay those taxes at the end of the quarter when they were due).

A taxpayer acts willfully if she "recklessly disregards the risk that the taxes may not be remitted to the government." Logal, 195 F.3d at 232.  Thus, to establish her *lack* of willfulness, Plaintiff must prove that she did not recklessly disregard the risk that the taxes would not be paid during the last quarter of 2002, when she allegedly bore the responsibility of ensuring their payment.  The fact that Plaintiff no longer worked for NexTec in 2004 when the IRS discovered and assessed NexTec for the deficiency therefore has no bearing on her liability under § 6672.

Second, Plaintiff offers no evidence substantiating her conclusory assertion that she was unaware that NexTec owed withholding taxes for the last quarter of 2002.  *See* Document No. 42 at 4 ¶ 7.  Such an unsupported allegation does not constitute competent summary judgment evidence.  *See* Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996).  Accordingly, Plaintiff has not established as a matter of law that her conduct was not willful within the meaning of § 6672.

        d.   Abuse of discretion

Finally, Plaintiff asserts that the Government abused its discretion in assessing her for the withholding taxes of NexTec because it permitted NexTec gradually to repay the deficiency under an installment agreement instead of collecting the amount in full from the available funds of the corporation.  Document No. 35 at

2-4 ¶ 38; Document No. 42 at 9.  This argument is meritless.  Under
well established law, the liability of a responsible person under
§ 6672 is independent of the corporation's duty to pay trust fund
taxes.  *See* <u>Cash v. United States</u>, 961 F.2d 562, 565 (5th Cir.),
*cert. denied*, 113 S. Ct. 492 (1992); <u>Hornsby</u>, 588 F.2d at 954; *see
also* <u>Dallin ex rel. Estate of Young v. United States</u>, 62 Fed. Cl.
589, 599 (2004) (citing <u>Cash</u>).  "[T]he IRS is *not* required to
exhaust its remedies against the delinquent employer before seeking
to protect the revenue through a § 6672 assessment."  <u>In re Pre-
scription Home Health Care, Inc.</u>, 316 F.3d at 544-45 (emphasis in
original) (citing <u>Hornsby</u>, 588 F.2d at 954).  It therefore follows
that the government's diligence, or lack thereof, in its collection
efforts against the corporation is largely irrelevant.  *See* <u>Howard
v. United States</u>, 711 F.2d 729, 736 (5th Cir. 1983) (rejecting the
taxpayer's contention that the IRS's failure promptly to collect
the taxes from the corporation absolved him of liability under
§ 6672); *see also* <u>Calderone v. United States</u>, 799 F.2d 254, 257
(6th Cir. 1986) (explaining that § 6672 "does not include any
requirement that the government exercise 'due diligence' in its
collection efforts against the employer corporation," quoting
<u>Cooper v. United States</u>, 539 F. Supp. 117, 121 (E.D. Va. 1982)).[4]

---

[4] Plaintiff, quoting <u>Cash</u>, contends that the IRS may abuse its
discretion by failing to pursue available corporate assets before
seeking recovery from responsible persons, if it is shown that
"'more vigorous efforts [by the IRS] would have yielded additional

Plaintiff attempts to distinguish several of these cases on the grounds that they involved "financially distressed corporations and not [ ] financially viable corporations like NexTec." Document No. 42 at 10-11 (citing In re Prescription Home Health Care, Inc., 316 F.3d at 544, and Howard, 711 F.2d at 731). However, nowhere in these opinions was the liability of a responsible person made *contingent* on the inability of the Government to satisfy the withholding tax liability out of available corporate assets. This fact is evident, given their reliance on Hornsby, where the Fifth Circuit categorically rejected the taxpayer's argument that the IRS's failure "to attempt to recover the unpaid taxes either from the corporation or from other financial responsible corporate officials" was "unfair," without referring anywhere in the opinion to the solvency of the corporation, or any collection efforts that were or were not undertaken against it. *See* Hornsby, 588 F.2d at

---

collections.'" Document No. 30 at 14-16 ¶¶ 29-31; *see also* Document No. 35 at 4 (quoting Cash, 961 F.2d at 569); Document No. 42 at 9 ¶ 12. However, that passage, as with the whole of the analysis in Cash, addressed (and ultimately declined to extend) the scope of the IRS's duties with respect to corporate accounts receivable that the IRS had *seized* to satisfy withholding tax liabilities. *See* Cash, 961 F.2d at 566-69. Whatever duty was recognized in Cash therefore extends only to instances where the IRS has exercised dominion and control over corporate assets, and not where it has declined to do so. Indeed, Cash itself recognized the general rule that "[t]he [Internal Revenue] Service need not attempt to collect first from the corporate employer or its assets before assessing penalties and pursuing collection from responsible persons under § 6672." 961 F.2d at 565. Cash therefore provides no support for Plaintiff's contention that the Government abused its discretion by failing to levy NexTec's assets.

954; *see also* <u>In re Prescription Home Health Care, Inc.</u>, 316 F.3d at 544-45 (citing <u>Hornsby</u>, 588 F.2d at 954); <u>Howard</u>, 711 F.2d at 736 (same).   In sum, the Government has no affirmative duty to pursue the assets of the corporation, whether or not such pursuit would be fruitful, before seeking recovery from a responsible person under § 6672.

Plaintiff also fails to identify or substantiate the existence of any unusual circumstances that might warrant an equitable exception to the general rule that allows the Government to pursue a responsible person instead of the corporate debtor.   These circumstances may arise where the government actively thwarted the corporation's efforts to pay the deficiency, *see* <u>McCarty v. United States</u>, 437 F.2d 961, 972-73 (Ct. Cl. 1971) (holding that the IRS, by allowing the Navy, which had taken over the corporation, to breach the corporation's agreement to repay withholding taxes to the IRS in favor of funneling those funds to itself, committed "acts of commission" that precluded it from recovering the deficiency from a responsible person), or breached an agreement with the taxpayer that it would seize corporate assets and apply the proceeds toward the withholding tax liability, in spite of the taxpayer's active assistance and cooperation in those efforts, *see* <u>Tozier v. United States</u>, 1965 U.S. Dist. LEXIS 9801, **14-26; 65-2 U.S. Tax Cas. (CCH) P9621 (N.D. Wash. 1965) (concluding under these circumstances that the responsible persons did not willfully fail

to collect or pay the withholding tax).[5]   To the contrary,
Plaintiff's own evidence reflects that the Government has
facilitated NexTec's efforts to pay its taxes by negotiating with
NexTec an installment agreement, and accepting NexTec's payments
when made.  Furthermore, Plaintiff has neither asserted nor shown
that the IRS promised her that it would maximize its recovery from
NexTec before pursuing her as a responsible person, and the IRS
investigative records suggest that Plaintiff, far from assisting
the IRS, "refused to cooperate" with the investigation.  *See*
Document No. 30 ex. 8-1.  Plaintiff has therefore failed to
establish that the Government abused its discretion, or is

---

[5]   Plaintiff also cites In re Nece, in which the bankruptcy
court concluded the IRS abused its discretion by failing to collect
payment from sureties under performance bonds that covered the
withholding and FICA taxes for construction jobs performed by the
corporation, although both the corporation and the debtor (a
responsible person liable for the unpaid taxes under § 6672) had on
numerous occasions notified the IRS of the existence of those
bonds.  Case No. 89-01782-H4-11, 1991 Bankr. LEXIS 1186, at **2-5
(S.D. Tex. 1991).   The IRS had initially requested that the
sureties remit payment but failed to follow through with its
collection activities before the statute of limitations lapsed.
Id. at **2-3.

     Unlike the taxpayer in Nece, Plaintiff neither asserts nor
demonstrates that she assisted the IRS in its efforts to recover
the deficiency from particular corporate assets.   Nor has the
Government wholly failed to follow through with collection
activities it had initially undertaken against assets designated by
the corporate debtor for that purpose, as it had in Nece.   The
circumstances underlying the decision Nece are therefore distin-
guishable, and its holding does not apply to this case.

otherwise precluded from holding her liable as a responsible person.[6]

   e. Allocation of NexTec's payments to trust fund liabilities

  Finally, Plaintiff asserts that the Government should be compelled to allocate all payments received from NexTec first to reduce the corporation's trust fund liabilities. Document No. 30 at 13-14 ¶ 28; Document No. 35 at 3 ¶ 38. "It is well established that in the absence of a direction by the taxpayer the IRS can apply a payment to *any* outstanding tax liability of the taxpayer." Wood v. United States, 808 F.2d 411, 416 (5th Cir. 1987) (emphasis added); *see also* Sotir v. United States, 978 F.2d 29, 30 (1st Cir. 1992); Muntwyler v. United States, 703 F.2d 1030 (7th Cir. 1983). "Obviously it is normally to the IRS's best interest to apply payments to that part of the corporate debt that is not secured by the trust obligation of its 'responsible' officers. The IRS

---

[6] Plaintiff also contends that the Government's failure to satisfy the full amount of the deficiency out of the assets of NexTec estops it from holding her liable as a responsible person. Document No. 30 at 11-12 ¶ 26. "In order to establish estoppel against the government in this circuit, a party must prove affirmative misconduct by the government as well as the four traditional elements of estoppel." In re Taylor, 132 F.3d 256, 263 (5th Cir. 1998). Because the Government was not required to seize NexTec's assets, *see* In re Prescription Home Health Care, Inc., 316 F.3d at 544-45, its decision not to do so does not constitute an act of misconduct. Hence, Plaintiff has neither identified nor proven any act of misconduct that would estop the Government from holding her liable under § 6672.

policies designed to maximize the public fisc by collecting all taxes due are entitled to great weight." New Terminal Stevedoring, Inc. v. M/V Belnor, 728 F. Supp. 62, 65 (D. Mass. 1989). Plaintiff presents no evidence substantiating whether NexTec has designated how its payments to the Government under the installment agreement are to be allocated, or, if so, what allocation NexTec has requested. Although Plaintiff asserts a right to equitable allocation of NexTec's payments to reduce its withholding tax deficiency, as was granted in New Terminal, Plaintiff has failed to show that she actively assisted the IRS in its collection efforts against NexTec so as to qualify for the equitable exception recognized in that case. See New Terminal, 728 F. Supp. at 65-66 (equitably allocating corporate funds obtained by the IRS through an involuntary payment to reduce the corporation's trust fund liabilities, and hence, the liability of the responsible person, because that person had "actively aided the maximization of the IRS's tax collection"). Therefore, Plaintiff has not demonstrated an entitlement to have NexTec's payments credited first to its withholding taxes and, concomitantly, to reduce her own potential liability as a responsible party under § 6672.

In sum, Plaintiff has not shown that she is entitled to judgment in her favor on any of the foregoing grounds, and, accordingly, her motion for partial summary judgment is denied.

B.   <u>Government's Partial Motion to Dismiss</u>

The Government moves to dismiss Plaintiff's claim for $1,000,000.00 in damages resulting from the Government's "wrongfully assessing her with the trust fund recovery penalty and improperly keeping [her] tax refund," Document No. 1 at 7 ¶ 37, on the grounds that: (1) a taxpayer has no cognizable damages action for wrongful assessment of taxes; and (2) assuming that the claim could be construed as asserting improper collection activities by the IRS under 26 U.S.C. § 7433, Plaintiff has not exhausted her administrative remedies as required for such a claim.  Document No. 48 at 1-2.  Plaintiff, in her response, repeatedly asserts that "she is not seeking damages for a violation of [ ] § 7433" but is instead "seeking damages for a willful violation of § 362(h) of the Bankruptcy Code under Title 11 as permitted by Internal Revenue Code § 7433(e)(2)(B)," for which no administrative exhaustion is required.  Document No. 51 at 2-3; *see also* <u>id.</u> at 4 ("The assessment of penalties by Defendant in willful violation of the bankruptcy stay formed the basis of Plaintiff's claim for damages under 11 U.S.C. § 362(h) and is not under 26 U.S.C. § 7433.").

As observed above at pages 7-9, the Government's assessment of Plaintiff as a responsible person under 26 U.S.C. § 6672 is an "assessment of tax" exempted from the automatic stay.[7]  *See* 11

---

[7] Plaintiff additionally contends that the claimed damages derive in part from the Government's alleged violation of the

U.S.C. § 362(b)(9)(D); *see also* <u>Sotelo</u>, 98 S. Ct. at 1800
(construing the "penalty" prescribed in 26 U.S.C. § 6672 as a
"tax").   According to Plaintiff, the damages sought in her
Complaint derive solely from the Government's purported violation
of the automatic stay. *See* Document No. 51 at 2-4.  Because the
disputed assessment did not violate the automatic stay prescribed
in 11 U.S.C. § 362(a), Plaintiff has failed to state a cognizable
claim for damages, and the Government's partial motion to dismiss
will be granted.

---

automatic stay when it withheld her 2004 Form 1040 income tax
refund of $2,607.  Document No. 51 at 4 ¶ 4.  A careful reading of
the Complaint reflects that, although Plaintiff alleges that the
Government "improperly" retained her tax refund, nowhere does she
contend that this action violated the automatic stay in bankruptcy.
Document No. 1 at 3 ¶ 21.   The damages claim therefore cannot
reasonably be construed to encompass a violation of the stay in
bankruptcy based on the Government's retention of her tax refund.

To the extent that this claim is based on other alleged
improper collection activities, for which 26 U.S.C. § 7433 provides
the exclusive remedy, Plaintiff has not administratively exhausted
such a claim as required under § 7433(d)(1). *See* Document No. 48
ex. 1 at 90:7-13 (admitting in her deposition that she was unaware
if she filed with the I.R.S. a refund request asking for
$1,000,000.00 in damages); *see also* 26 U.S.C. § 7433(a) (stating
that "such civil action shall be the exclusive remedy for
recovering damages resulting from" alleged wrongful collection
practices by the IRS), (d)(1) (barring recovery of damages unless
the plaintiff exhausted administrative remedies within the IRS).
Thus, the Court lacks subject matter jurisdiction over any damages
claim based on alleged improprieties by the IRS other than a
violation of the automatic stay. *See, e.g.,* <u>Venen v. United
States</u>, 38 F.3d 100, 102-04 (3d Cir. 1994) (affirming dismissal of
unexhausted claims under §§ 7432 and 7433 for lack of subject
matter jurisdiction).

III.  <u>Order</u>

Accordingly, it is

ORDERED  that  Plaintiff  Saraleigh  E.  Looney's  Motion  for Partial Summary Judgment (Document No. 30) and her Amended Motion for Partial Summary Judgment (Document No. 35) are both DENIED.  It is  further  ORDERED  that  Defendant  United  States  of  America's Partial  Motion  to  Dismiss  (Document  No.  48)  is  GRANTED,  and Plaintiff Looney's claim for damages is DISMISSED on the merits.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 26th day of February, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE